UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:12-cr-0149 KJM |
| Plaintiff, | |
| v. | ORDER |
| CHRISTOPHER JULIAN JOHNSON, | |
| Defendant. | |

Defendant Christopher Julian Johnson, proceeding pro se[1], has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 57.  Defendant relies on Amendment 782 to U.S.S.G. § 1B1.10, which lowered by two points the base offense level for most drug trafficking offenses.  The Amendment applies retroactively to defendants sentenced prior to its effective date.  *See Serrano v. U.S.*, 2014 WL 6773237 (E.D. Cal. 2014), slip op. at 1.  Although directed to do so, *see* ECF No. 60, the government has not filed a response to defendant's motion.  After consideration of the moving papers and the arguments, of counsel, the court hereby grants defendant's motion.

On April 3, 2013, defendant pleaded guilty to charges of distribution of at least 5 grams (actual) of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and felon in possession of a

---

[1] On March 19, 2015, the Office of the Federal Defender filed notice that it did not recommend appointment of counsel to represent defendant on the instant motion.  *See* ECF No. 58.

1

1  firearm in violation of 18 U.S.C. § 922(g)(1). ECF Nos. 1, 39. On July 10, 2013, he was

2  sentenced to 150 months in prison on the drug charge and a concurrent term of 120 months on the

3  felon in possession charge. ECF No. 52.

4        The authority of the district courts to modify a prison sentence is governed by 18 U.S.C.

5  § 3582, which provides in relevant part:

6  > (2) in the case of a defendant who has been sentenced to a term of
7  > imprisonment based on a sentencing range that has subsequently
8  > been lowered by the Sentencing Commission pursuant to 28 U.S.C.
9  > 994(o), upon motion of the defendant . . ., the court may reduce the
10  > term of imprisonment, after considering the factors set forth in
11  > section 3553(a) to the extent they are applicable, if such a reduction
12  > is consistent with applicable policy statements issued by the
13  > Sentencing Commission.

11  18 U.S.C. § 3582(c).

12        As the Ninth Circuit recognizes, "[t]he Supreme Court has clarified that section

13  3582(c)(2) requires a two-step inquiry." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir.

14  2013) (citing *Dillon v. United States*, 560 U.S. 817, 827 (2010)). "First, a district court must

15  determine whether a prisoner is eligible for a sentence modification under the Commission's

16  policy statement in U.S.S.G §1B1.10." *Id.* (citing *Dillon*, 560 U.S. at 827). This is done "by

17  '"determin[ing] the amended guideline range that would have been applicable to the defendant"

18  had the relevant amendment been in effect at the time of the initial sentencing.' *Dillon*, 130 S.Ct.

19  at 2691 (quoting §1B1.10(b)(1))." *Dunn*, 1155 n.3. Generally, §1B1.10 precludes reduction of a

20  term of imprisonment below the minimum of the amended guideline range. *Id.* However,

21  U.S.S.G. §1B1.10(b)(2)(B) authorizes a reduction below the amended guideline range for a

22  defendant whose original sentence was below the applicable guideline range based on substantial

23  assistance to the government.[2]

---

25  [2] U.S. Sentencing Guidelines Manual § 1B1.10((b)(2)(B) (2014) provides:

26  > (B) Exception for Substantial Assistance.—If the term of
27  > imprisonment imposed was less than the term of imprisonment
28  > provided by the guideline range applicable to the defendant at the
> time of sentencing pursuant to a government motion to reflect the
> defendant's substantial assistance to authorities, a reduction

2

Here, defendant's commitment offense involved 169 grams of actual methamphetamine. PSR ¶ 14.[3] At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 34 for that amount of methamphetamine. PSR ¶ 13; U.S.S.G. §2D1.1(c)(4)(2011).[4] Defendant received a two-level enhancement for possession of a firearm, a two-level reduction for acceptance of responsibility, and a one level reduction for timely notification of his intent to enter a guilty plea, making his total offense level 33. PSR ¶¶ 15-20. His criminal history category was IV, PSR ¶ 32, making his sentencing guideline range 188 to 235 month in prison. PSR ¶ 56. At sentencing, the court departed down from the bottom of the guideline range and sentenced defendant to 150 months in prison on the drug offense, with a concurrent 120 month term on the felon in possession offense.[5] That downward departure was based on a defense motion that was granted in part, not on a motion by the government.

Amendment 782 lowered to 32 the base offense level for 169 grams of actual methamphetamine. U.S.S.G. §2D1.1(c)(4)(2014). This has the effect of reducing defendant's base offense level to 29. With a criminal history category of IV, the amended sentencing guideline range is 121 to 151 months in prison. U.S.S.G. Sentencing Table (2014). This court has considered the factors relied on at defendant's original sentencing to reduce his sentence. Based on consideration of those factors, which remain unchanged, the court will reduce defendant's sentence on the drug offense to 121 months in prison, the bottom end of the amended guideline sentencing range for that offense.[6]

---

comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

[3] A copy of the June 19, 2013 Presentence Investigation Report (PSR) prepared for defendant's sentencing was filed under seal on June 18, 2013. ECF No. 46.

[4] The 2012 Guidelines Manual was used in the preparation of defendant's PSR. PSR § 11.

[5] Those factors are listed in the July 10, 2013 Statement of Reasons (SOR) together with the facts which justified the reduction in sentence.

[6] As noted above, the court's decision at the time of sentencing to depart downward from the bottom of the guideline range was based on a defense motion, not a motion by the government.

1    For all of the foregoing reasons, IT IS HEREBY ORDERED that:

2        1.  Defendant Christopher Julian Johnson's motion to reduce sentence, ECF No. 57, is
3    granted;

4        2.  The Clerk of the Court is directed to file the court's July 10, 2013 Statement of
5    Reasons under seal; and

6        3.  Defendant's sentence on his conviction on Count 2 of the Indictment is reduced to 121
7    months in prison, effective *nunc pro tunc* to November 1, 2015.

8    DATED:  November 12, 2015.

_____
UNITED STATES DISTRICT JUDGE

---

Accordingly, the court is precluded from reducing defendant's sentence below the bottom end of the amended guideline range.  *See* U.S. Sentencing Guidelines Manual § 1B1.10((b)(2) (2014).