UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER JULIAN JOHNSON,<br><br>Defendant. | No.  2:12-cr-0149 KJM<br><br><br><br>ORDER |

      On January 5, 2015, defendant Christopher Julian Johnson, proceeding pro se, filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2).  ECF No. 57.  Although directed to do so, *see* ECF No. 60, the government did not timely file a response to defendant's motion.  By order filed November 13, 2015, the court granted the motion.  ECF No. 61.  On November 24, 2015, the government filed a motion for reconsideration.  ECF No. 64.  Therein, the government explains its failure to respond to the motion; the minute order directing a response was served on the personal email address of the former Assistant United States Attorney who prosecuted defendant and not on any current Assistant United States Attorney.  ECF No. 61 at 2.  The court's records confirm this representation.

      The government seeks reconsideration of the court's order, contending the amended sentence is below the amended guideline range that now applies to defendant.  ECF No. 61 at 5-6.  The government is correct.

The relevant facts are set forth in the court's November 13, 2015 order, ECF No. 61, and incorporated herein by reference. In that order, the court erroneously found that Amendment 782 lowered defendant's base offense level to 29. *See* ECF No. 61 at 3. In fact, as the government demonstrates, Amendment 782 lowered defendant's base offense level to 31, as follows:

Defendant's commitment offense involved 169 grams of actual methamphetamine. PSR ¶ 14.[1] At the time of defendant's sentencing, the sentencing guidelines provided a base offense level of 34 for that amount of methamphetamine. PSR ¶ 13; U.S.S.G. §2D1.1(c)(4)(2011).[2] Defendant received a two-level enhancement for possession of a firearm, a two-level reduction for acceptance of responsibility, and a one level reduction for timely notification of his intent to enter a guilty plea, making his total offense level 33. PSR ¶¶ 15-20. His criminal history category was IV, PSR ¶ 32, making his sentencing guideline range 188 to 235 months in prison. PSR ¶ 56. At sentencing, the court departed down from the bottom of the guideline range and sentenced defendant to 150 months in prison on the drug offense, with a concurrent 120 month term on the felon in possession offense.[3] That downward departure was based on a defense motion that was granted in part, not on a motion by the government.

Amendment 782 lowered to 32 the base offense level for 169 grams of actual methamphetamine. U.S.S.G. §2D1.1(c)(4)(2014). With a two-level enhancement for possession of a firearm and a three-level reduction for acceptance of responsibility and timely notice of intent to enter a guilty plea, defendant's base offense level is reduced to 31. Combined with a criminal history category of IV, the amended sentencing guideline range is 151 to 188 months in prison. U.S.S.G. Sentencing Table (2014). As noted above, defendant was sentenced to 150 months in prison, and the court's decision at the time of sentencing to depart downward from the bottom of the guideline range was based on a defense motion, not a motion by the government.

---

[1] A copy of the June 19, 2013 Presentence Investigation Report (PSR) prepared for defendant's sentencing was filed under seal on June 18, 2013. ECF No. 46.

[2] The 2012 Guidelines Manual was used in the preparation of defendant's PSR. PSR ¶ 11.

[3] Those factors are listed in the July 10, 2013 Statement of Reasons (SOR) together with the facts justifying the reduction in sentence.

Accordingly, the court is precluded from reducing defendant's sentence below the bottom end of the amended guideline range. *See* U.S. Sentencing Guidelines Manual § 1B1.10((b)(2) (2014). Because defendant's sentence is below the amended guideline range, the court is without authority to reduce his sentence.

For all of the foregoing reasons, IT IS HEREBY ORDERED that:

1. The government's motion for reconsideration, ECF No. 64, is granted;

2. That part of this court's November 13, 2015 order reducing defendant's sentence on his conviction on Count 2 of the Indictment is vacated; and

3. Defendant's January 5, 2015 motion to reduce sentence, ECF No. 57, is denied.

DATED: December 10, 2015.

_____
UNITED STATES DISTRICT JUDGE